GOLO SLIPPER CO. v. HAMILTON SHOE
STORES CO. et al.

No. 200.

Circuit Court of Appeals, Tenth Circuit.

Aug. 21, 1930.

E. M. Boddington, of Kansas City, Kan. (Fred Robertson and W. E. Stickel, both of Kansas City, Kan., on the brief), for appellant.

J. Francis O'Sullivan, of Kansas City, Mo. (George Halpern, Maurice J. O'Sullivan, and O. H. Stevens, all of Kansas City, Mo., on the brief), for appellees.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

In a suit filed on April 10, 1929, a receiver was appointed by the trial court on that day to take charge of and dispose of the property of the Hamilton Shoe Stores Company, for the benefit of creditors, and on the next day was named as ancillary receiver in the Western district of Missouri. The company had been operating stores in Kansas and Missouri.

On June 20, 1929, the appellant, located at New York City, filed with the receiver a claim for $1,542.60 (as corrected), for which a priority was sought, arising from the sales of footwear it had made to the company, on the ground that the deliveries were actually made to and accepted by the receiver. The demand was denied priority and allowed only as a general claim. From that action this appeal has been taken.

The controversy was submitted upon an agreed statement of facts. This shows that the shipments were made on orders given by the company in November, 1928; that the shipments were made by freight on April 2 and by express on April 8; that three of them amounting to $729.90 were received on April 10, three of them amounting to $315, on April 11; and the last amounting to $497.-70, on April 12; that the receiver took actual physical possession of the stores on April 12, 15, and 17, when the merchandise shipped was in the stores and had been commingled with the other merchandise. It was also stipulated that appellant did not exercise a right to stop the merchandise in transit, and did not file any application to reclaim or replevy it, or to have it segregated at the stores.

There were communications between appellant and the receiver, in which the former stated it expected a return of the merchandise, as the deliveries were made when the company was in the receivership, and urged a prompt return of it. The receiver advised appellant of his appointment, of his proposed operation of the stores and reorganization of the company, and later, by a letter of May 24, that he found on investigation the merchandise was delivered before the receivership, except as to small amounts, for which appellant would be entitled to a priority, suggesting the filing of a claim therefor or for redelivery of the merchan-

dise for action by the court, without which he had no authority to act, except by way of dividends to general creditors.

Counsel for appellant state the controversy to be whether the receiver was vested with title to the merchandise which had not yet been delivered at the time of his appointment, and they contend he had no right to receive or take into his possession merchandise to which the title of the company was not then complete.

Appellant had the burden of establishing the facts essential to its claim. It is settled law that, in the absence of a different agreement, delivery to a carrier at the location of the seller constitutes delivery to the purchaser, and title vests in the latter at that time. Delaware, L. & W. R. Co., v. United States, 231 U. S. 363, 34 S. Ct. 65, 58 L. Ed. 269; 23 R. C. L. 1423, 1424; 35 Cyc. 172. But appellant wholly failed to prove an agreement for delivery of the merchandise that would take the case out of this general rule. The showing was only that the sales were made on credit and on orders given five months prior to shipment. The title to the merchandise therefore vested in the company at the time of delivery to the carriers, and this antedated the receivership. The sale contracts had been fully performed by appellant, and nothing remained to discharge them but payment by the company. It was immaterial whether the receiver's possession dated from the time when he was appointed or when he took physical possession of the stores.

We are not called upon to determine the rights of appellant, had it sought to rescind the sale contracts and replevy or otherwise reclaim the merchandise. Although demands were made upon the receiver for its return, this was not justified as long as the contracts of sale stood in force, and the title had passed from the appellant. Having elected to affirm the contracts by presentation of its claim, its remedy was limited to the price at which the merchandise was sold. Its claim to priority failed because it was merely a creditor to that extent and it had no better right to payment than the other creditors.

It is obvious that the complaint of appellant is based on the misconception that title to the goods had not passed to the company. It is true, as counsel insist, that title does not pass if any act remains to be done to complete it. But it had vested before the bill was filed or the receiver was appointed. Appellant's claim was not bettered by the correspondence with the receiver. As a neutral party, he was not authorized to prejudice the interests of creditors, especially since the statement in his letter was expressly conditioned on action by the court.

We are of the opinion that the decree of the District Court must be, and it is accordingly, affirmed.